*143 HAMILTON, Senior Circuit Judge,
concurring:
On appeal, Ratner challenges the district court’s dismissal of three federal constitutional claims alleged in his complaint: (1) a procedural due process claim under the Fourteenth Amendment; (2) an equal protection claim under the Fourteenth Amendment; and (3) a cruel and unusual punishment claim under the Eighth Amendment. U.S. Const, amend. VIII, XIV, § 1. After accepting all well-pleaded allegations in Ratner’s complaint as true and drawing all reasonable factual inferences from those facts in his favor, it appears certain that he cannot prove any set of facts which would entitle him to relief on any of the three claims asserted. Accordingly, the opinion for the court correctly affirms the district court’s Rule 12(b)(6) dismissal of Ratner’s claims, and I am constrained to concur in that opinion. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999) (“[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiffs complaint as true and drawing all reasonable factual inferences from those facts in the plaintiffs favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.”).
I write separately to express my compassion for Ratner, his family, and common sense. Each is the victim of good intentions run amuck. Ratner’s complaint alleges that school suspensions for possession of a weapon on Loudoun County school property are imposed automatically, pursuant to a zero-tolerance policy that precludes consideration of the facts and circumstances of a particular student’s conduct in determining a violation of stated policy and the resulting student punishment. There is no doubt that this zero-tolerance/automatic suspension policy, and others like it adopted by school officials throughout our nation, were adopted in large response to the tragic school shootings that have plagued our nation’s schools over the past several years. Also, no doubt exists that in adopting these zero-tolerance/automatic suspension policies, school officials had the noble intention of protecting the health and safety of our nation’s school children and those adults charged with the profound responsibility of educating them. However, as the oft repeated old English maxim recognizes, “the road to hell is paved with good intentions.” The panic over school violence and the intent to stop it has caused school officials to jettison the common sense idea that a person’s punishment should fit his crime in favor of a single harsh punishment, namely, mandatory school suspension. Such a policy has stripped away judgment and discretion on the part of those administering it; refuting the well established precept that judgment is the better part of wisdom.
Here, a young man, Ratner, took a binder containing a knife from a suicidal fellow student in an effort to save her life. He put the binder in his locker without even opening it. Indeed, at all times, Ratner never saw the knife. Further, the facts do not offer even the hint of a suggestion that Ratner ever intended to personally possess the knife or harm anyone with it. In fact, the first school official on the scene reported that at no time did Ratner intend to harm anyone with the knife. Yet, based on the school’s zero-tolerance/automatic suspension policy, Ratner was suspended from school for nearly four months.
School officials should, without doubt, punish a student for knowingly and intentionally bringing a dangerous weapon on school property. But the question raised by the facts of Ratner’s case is one of degree and the law must be flexible *144 enough so that school officials may intrude upon the right to a free appropriate public education only in the most justifiable circumstances. See Goss v. Lopez, 419 U.S. 565, 573-74, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (holding that property interest in public education is created when state maintains a public school system and requires children to attend). Under a facts/circumstances-sensitive examination of this case, Ratner’s nearly four-month suspension from middle school is not justifiable. Indeed, it is a calculated overkill when the punishment is considered in light of Ratner’s good-faith intentions and his, at best, if at all, technical violation of the school’s policy. Suffice it to say that the degree of Ratner’s violation of school policy does not correlate with the degree of his punishment. Certainly, the oft repeated maxim, “there is no justice without mercy” has been defiled by the results obtained here. But alas, as the opinion for the court explains, this is not a federal constitutional problem.